IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


BERNARD JONES                                                                                   PLAINTIFF

            v.                          Civil No. 07-4007

CHRIS THOMASON, Prosecutor;
CAPTAIN LOUISE PHILLIPS,
Jail Administrator; RANDY WRIGHT,
Prosecutor; and DUNCAN CULPEPPER,
Judge                                                                                              DEFENDANTS


### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Bernard Jones, currently an inmate of the Hempstead County Detention Facility, filed this civil rights action under 42 U.S.C. § 1983. He proceeds pro se and *in forma pauperis*. The complaint was provisionally filed prior to a determination regarding service of process.

Because the court felt additional information was needed about the plaintiff's claims, he was directed to complete, sign, and return a questionnaire that would be filed as an addendum to the complaint (Doc. 6). The addendum was filed on February 21, 2007 (Doc. 9).

### BACKGROUND

Jones was arrested on October 5, 2006, on charges of possession with intent to deliver a controlled substance and possession of drug paraphernalia. *Addendum* at ¶ 1 & ¶ 2. He was booked into the Hempstead County Detention Facility. *Id.*

Bond was set. *Addendum* at ¶ 4. Candi Caldwell is a bondsman and her name appears on a list posted on the wall of the detention center. *Attachment* 1 to the *Complaint* at page 2. Jones asserts that he was only able to use Caldwell because he did not have the full amount of

the bond and arrangements had been made with Caldwell for a payment plan to be utilized. *Addendum* at ¶ 5.

Jones maintains Caldwell could post bonds for anyone detained at the detention center except him. *Addendum* at ¶ 6(A). Jones stated Caldwell posted his bond but then Captain Phillips would not allow Jones to be released. *Id.* at ¶ 6(B) & ¶ 6(F). Jones maintains he was given no explanation but merely told to contact Judge Culpepper or Randy Wright. *Id.* at ¶ 6(A).

The only response Jones received from Randy Wright was that Jones should contact the new prosecutor. *Addendum* at ¶ 6(C). Jones then contacted the new prosecutor, Chris Thomason, but received no response or reply. *Id.* at ¶ 6(E). On a request Jones wrote to Judge Culpepper "there was 'no' response or reply." *Id.* at ¶ 6(D).

As relief, Jones requests monetary damages for emotional stress and mental anguish. *Complaint* at page 4. He also requests a trial by jury. *Id.*

## DISCUSSION

Several of Jones' claims are subject to dismissal. First, Duncan Culpepper, a judge, is immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all

jurisdiction. *See Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity." *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984)). "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309(c), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects." *Nollet*, 85 F. Supp. 2d at 210. As amended by the FCIA § 1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Jones does not allege that either of these prerequisites for injunctive relief are met. Thus, to the extent Jones seeks injunctive relief his claims are subject to dismissal. *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable).

Furthermore, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis v. U.S. Bankruptcy*

*Court for Dist. of Nevada*, 828 F.2d 1385, 1392 (9th Cir. 1987)(citations omitted).  Equitable relief is not appropriate where an adequate remedy under state law exists.  *See Pulliam,* 466 U.S. at 542 & n. 22, 104 S. Ct. at 1981 & n. 22.  *See also Sterling v. Calvin* , 874 F.2d 571, 572 (8th Cir. 1989).  An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ.  *See Mullis*, 828 F.2d at 1392 (citation omitted).  *See also Nelson v. Com*, 1997 WL 793060, 2 (E.D. Pa. 1997)(appellate review of conviction provides plaintiff an adequate remedy under state law).  *See also J&M Mobile Homes, Inc. v. Hampton*, 347 Ark. 126, 60 S.W.3d 481 (2001)(discussing when a writ of prohibition is appropriate).

Second, Jones' complaint as against Chris Thomason and Randy Wright is also subject to dismissal.  The prosecuting attorneys are immune from suit.  The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case."   *Id.*, 424 U.S. at 427.  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430.   *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).  Based on the allegations of the complaint and addendum, it is clear the defendant prosecuting attorneys are entitled to absolute immunity.  *See Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent Jones' complaint seeks injunctive relief against the prosecuting attorneys, this is not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. Jones can make no such showing here. Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *See id.*, 466 U.S. at 542 & n.22. *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

## CONCLUSION

For the reasons stated, I recommend that all Jones' claims against Judge Duncan Culpepper, Chris Thomason, and Randy Wright be dismissed on the grounds these individuals are immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time). The undersigned will by separate order direct service of the complaint on Captain Louise Phillips.

**Jones has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Jones is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of March 2007.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE