IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BERNARD JONES                                                                                  PLAINTIFF

v.                                            CASE NO.  4:07-4007

CAPTAIN LOUISE PHILLIPS                                                          DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Bernard Jones (Plaintiff) filed this pro se civil rights action under 42 U.S.C. § 1983 on February 2, 2007. (Doc. 1).  Plaintiff's complaint was filed *in forma pauperis* (IFP) and certified to proceed on February 12, 2007.  The named Defendant was properly served and an answer was filed on April 16, 2007. (Doc. 16).  The Defendant filed a Motion for Summary Judgment on August 23, 2007 (Doc. 27) which is the issue before this Court on referral from the District Court. Pursuant to the provisions of 28 U.S.C. § 636 (b)(1) and (3) (2005), the Honorable Harry F. Barnes, United States District Judge, referred this case the undersigned for the purpose of making a report and recommendation.

**I.  Background**

Plaintiff was held as a pretrial detainee at the Hempstead County Detention Facility during the time period in question. (Doc. 9).  He was charged with possession of drug paraphernalia and possession with intent to deliver.  (*Id*.).  Plaintiff alleges his Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment right to post bond were violated, and that he suffered cruel and unusual punishment as a result. (Doc. 31).  Plaintiff alleges his selected bondsman, Candi Caldwell, was not allowed to post bonds at the Hempstead County Detention Facility. (Doc. 1, Doc. 9).  Further, Plaintiff states he was "only" able to use Ms. Caldwell because he did not have the full amount to

bond with and Ms. Caldwell, along with some of Plaintiff's family members, agreed to a payment plan. (Doc. 9). Plaintiff does not state if he sought such a plan from any other bondsman.

Plaintiff alleges Defendant told him Ms. Caldwell could not post his bond, and directed him to contact the prosecutor, Randy Wright, and Judge Culpepper. (Doc. 1, 9, 31). Plaintiff states he wrote Randy Wright on one occasion, and was told to contact the new prosecutor, who would not respond to Plaintiff or his family. (Doc. 9, 31).

Additionally, Plaintiff alleges Defendant is the one who "denied" Ms. Caldwell's attempt to post bond for him, and also that Defendant was the one who informed him that Ms. Caldwell could not post bonds at the Hempstead County Detention Facility. (Doc. 9, 31). Defendant states Plaintiff was told an Order of the Court required all bondsmen to be approved by the Court, prosecutor, and defense. (Doc. 29; Doc. 28, Ex. 3). Defendant states the policy of approving bondsmen was due to certain bail bondsmen failing to come to Court on their bond returnable Court dates, and the inmates they bonded out were failing to show up on their prescribed Court dates. (Doc. 29). According to Defendant, Plaintiff was told to contact the Court and the prosecuting attorney regarding the bondsman issue. (Doc. 29).

**II. Discussion**

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court views the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *See Adkison v. G.D. Searle & Co.*, 971 F.2d 132, 134 (8th Cir. 1992). The moving party has the burden of showing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986);

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### A. Official Capacity Claims

Plaintiff has sued Defendant in her individual and official capacities. (Doc. 31). Plaintiff's official capacity claims are tantamount to suing Hempstead County. Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by "a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). Because *Monell* specifically rejected liability based solely on respondeat superior, *id.* at 691, "[a] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir. 1994). Rather, official-capacity liability must be based on deliberate indifference or tacit authorization. *Id.*

Policy or custom official-capacity liability is imposed by 42 U.S.C. § 1983 only for "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Monell,* 436 U.S. at 690-91. In his response to the Motion for Summary Judgment (Doc. 31), Plaintiff appears to assert that his constitutional rights were violated by the policy of disallowing Ms. Caldwell to post his bond. However, Plaintiff has not alleged he could not post the bond that was set for him by the trial court. Rather, Plaintiff only alleges he was unable to use the bondsman of his choice. It is clear that trial courts may regulate the business of bail bondsmen acting in their courts. *United Bonding Co., Inc. Through Richmond v. Johnson*, 739 S.W.2d 147, 148 (Ark. 1987); *see also American Druggists Ins. Co. v. Bogart*, 707 F.2d 1229, 1233-34 (11th Cir. 1983). Plaintiff does not allege any irregularity or unconstitutional process in the trial Court's procedure of regulating Ms. Caldwell

and has not shown any constitutional deprivation due to a policy of Hempstead County. Accordingly, Summary Judgment should be granted on Plaintiff's official capacity claims.

### B. Individual Capacity Claims

Plaintiff alleges Defendant violated his constitutional rights by disallowing him to post a bond, after bond had been set in his case. However, the undisputed evidence in the case shows Defendant, as the jail administrator, did not make the decision regarding which bondsmen would be approved to post bonds in the Hempstead County Facility. (Doc. 28, Ex. 3).

Defendant merely informed Plaintiff of the decision and directed him to where he could file a complaint. At the least, qualified immunity would apply to the Defendant for following the orders of the Court. *See Hunter v. Bryant*, 502 U.S. 224, 228 (1991) (stating qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law.") Thus, in her role as jail administrator, there is no constitutional violation on the part of the Defendant when she follows the directives of the state court regarding which bondsmen have been approved to post bond. Plaintiff has presented no evidence Defendant was the decision maker regarding Ms. Caldwell or that Plaintiff was unable to utilize other bondsmen to post his bond. In fact, the evidence plainly shows the Court imposed requirement for approval of the bond. Accordingly, Summary Judgment is due to be granted on Plaintiff's claims against Defendant in her individual capacity.

### III. Conclusion

For the reasons stated, I recommend that Defendant's Motion for Summary Judgment (Doc. 27) be GRANTED on all of Plaintiff's claims.

**The parties have ten days from receipt of the report and recommendation in which to**

**file written objections pursuant to 28 U.S.C. § 636 (b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

  **DATED this 9th day of January, 2008.**

               /s/ Barry A. Bryant
               HON. BARRY A. BRYANT
               UNITED STATES MAGISTRATE JUDGE