IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BERNARD JONES                                                                                PLAINTIFF

VS.                                          CASE NO. 4:07-CV-4007

CAPTAIN LOUISE PHILLIPS                                                          DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed January 9, 2008 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (Doc. 32). Judge Bryant recommends that Defendant Captain Louise Phillips's Motion for Summary Judgment (Doc. 27) be granted as to all of Plaintiff Bernard Jones' claims. Jones has filed timely objections. (Doc. 33). After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

## I. BACKGROUND

Jones brings this *pro se* civil rights lawsuit pursuant to 42 U.S.C § 1983 for violations of his constitutional right to post bond. Jones was held as a pretrial detainee at the Hempstead County Detention Facility on charges of possession of drug paraphernalia and possession with intent to distribute. Jones alleges that his bondsman of choice, Candi Caldwell, was not allowed to post bonds at the Hempstead County Detention Facility, and that Captain Phillips told Jones to contact the prosecutor, Randy Wright, and the County Judge regarding the issue. Jones further alleges that Captain Phillips denied the efforts of Candi Caldwell to post bond for Jones. Jones argues that these actions amount to violations of his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

## II. SUMMARY JUDGMENT STANDARD

The standard of review for summary judgment is well established. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed. 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed. 202 (1986). In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op.*, 446 F.3d 841 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Genuine issues of material fact exist where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. Where no reasonable jury could render a verdict for the plaintiff, however, summary judgment is properly granted to a defendant. *Taylor v. White*, 321 F.3d 710, 715 (8th Cir. 2003).

## III. DISCUSSION

Jones has sued Captain Phillips in her individual and official capacities. The official capacity claims are tantamount to a suit against Hempstead County, requiring that Jones show that county custom or policy caused the complained-of constitutional deprivation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Jones has not alleged that he was


not able to post the bond set for him by the trial court; rather, he alleges that he was not allowed to use the bondsman of his choice. However, Courts may regulate the business of bail bondsman posting bonds before them, *United Bonding Co., Inc. Through Richmond v. Johnson*, 293 Ark. 467, 739 S.W.2d 147, 148 (1987), and no official capacity liability arises from such regulation. The Court's review of the record reveals that no official policy or custom of Hempstead County violated Jones's constitutional rights as alleged in the complaint.

Jones also brings individual capacity claims against Captain Phillips. However, undisputed evidence showed that Captain Phillips did not herself make the decision regarding which bondsmen were allowed to post bonds at the Hempstead County Detention Facility. Instead, Captain Phillips merely informed Jones of orders of the state and county courts that created an approved list of bondsmen able to post bonds in Hempstead County. The Court agrees with Judge Bryant that individual capacity liability is inappropriate where, as here, the Defendant was following lawful court orders and directives. Qualified immunity shields Captain Phillips from liability for these claims. *See Hunter v. Bryant*, 502 U.S. 224, 228, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991)(protecting with qualified immunity "all but the plainly incompetent" and "those who knowingly violate the law."). As Captain Phillips is entitled to qualified immunity from Jones' claims, her summary judgment motion regarding the same should be granted.

In his objections, Jones argues that Captain Phillips did not have probable cause under the Fourth Amendment to prevent Ms. Caldwell from posting a bond for Jones. Jones also argues in his objections that he suffered a deprivation of his life, liberty and property without due process of law, and that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment in the denial of his bail. Each of these constitutional objections is without merit. No evidence in this

case shows that Captain Phillips made the decision regarding which bondsmen could post bonds in Hempstead County. No evidence shows that the official policies and customs of Hempstead County violated Jones's constitutional rights as alleged. Accordingly, no genuine issue of material fact has been raised, and Captain Phillips is entitled to judgment as a matter of law.

## IV. CONCLUSION

For reasons stated herein and above, Defendant's Motion for Summary Judgment should be and hereby is **GRANTED**. Plaintiff's complaint is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 6th day of March, 2008.

                                                  /s/Harry F. Barnes
                                              Hon. Harry F. Barnes
                                              United States District Judge